UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KATRINA YVETTE PERKINS,

          Plaintiff,

                    Case # 17-CV-6327-FPG

v.

                    DECISION AND ORDER

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

   Katrina Yvette Perkins brings this action pursuant to the Social Security Act seeking review of the final decision of the Acting Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

   Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 11, 14. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

   On November 27, 2013, Perkins protectively applied for SSI with the Social Security Administration ("SSA"). Tr.[1] 161-66. She alleged disability since December 15, 2011 due to impaired vision in her right eye and depression. Tr. 177. On October 15, 2015, Perkins and a vocational expert ("VE") testified at a hearing before Administrative Law Judge Michael W. Devlin ("the ALJ"). Tr. 65-89. On December 8, 2015, the ALJ issued a decision finding that

---

[1] References to "Tr." are to the administrative record in this matter.

Perkins was not disabled within the meaning of the Act. Tr. 53-61. On March 29, 2017, the Appeals Council denied Perkins's request for review. Tr. 1-7. Thereafter, Perkins commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of

impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. 20 C.F.R. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

# DISCUSSION

## I. The ALJ's Decision

The ALJ's decision analyzed Perkins's claim for benefits under the process described above. At step one, the ALJ found that Perkins had not engaged in substantial gainful activity since the application date. Tr. 55. At step two, the ALJ found that Perkins has the following severe impairments: right eye blindness secondary to a chemical burn, glaucoma, and major depressive disorder. *Id.* At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 56-57.

Next, the ALJ determined that Perkins retained the RFC to perform a full range of work at all exertional levels but with nonexertional limitations. Tr. 57-59. Specifically, the ALJ found that Perkins can occasionally perform tasks requiring far visual acuity (greater than 20 feet), near visual acuity (less than 20 inches), and depth perception; cannot perform tasks requiring right peripheral vision; can understand, remember, and carry out simple instructions and tasks; can frequently interact with co-workers and supervisors on a consistent basis; can have occasional contact with the public; and can consistently maintain concentration and focus for up to two hours at a time. Tr. 57.

At step four, the ALJ indicated that Perkins has no past relevant work. Tr. 59. At step five, the ALJ relied on the VE's testimony to determine that Perkins can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 60. Specifically, the VE testified that Perkins can work as a laundry laborer, industrial cleaner, and housekeeper cleaner. *Id.* Accordingly, the ALJ concluded that Plaintiff was not "disabled" under the Act. Tr. 61.

**II.     Analysis**

Perkins argues that remand is required because the ALJ's RFC determination is not supported by substantial evidence. ECF No. 11-1 at 10-15; ECF No. 16. Specifically, Perkins asserts that the ALJ erred by relying on his lay opinion to determine limitations related to her eye condition, because the record lacked any medical opinion on that issue. *Id.* The Court agrees.

RFC is defined as "what an individual can still do despite his or her limitations." *Desmond v. Astrue*, No. 11-CV-0818 (VEB), 2012 WL 6648625, at *5 (N.D.N.Y. Dec. 20, 2012) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). To determine a claimant's RFC "the ALJ considers a claimant's physical abilities, mental abilities, symptomatology, including pain and other limitations that could interfere with work activities on a regular and continuing basis." *Id.* (citation omitted); *see also* 20 C.F.R. § 416.945(a). "An RFC finding will be upheld when there is substantial evidence in the record to support each requirement listed in the regulations." *Desmond*, 2012 WL 6648625, at *5.

"[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted). Thus, even though the Commissioner is empowered to make the RFC determination, "[w]here the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities," the general rule is that the Commissioner "may not make the connection himself." *Id.* (citation omitted); *Jermyn v. Colvin*, No. 13-CV-5093 (MKB), 2015 WL 1298997, at *19 (E.D.N.Y. Mar. 23, 2015) ("[N]one of these medical sources assessed Plaintiff's functional capacity or limitations, and therefore provide no support for the ALJ's RFC

5

determination."). Depending on the circumstances, like when the medical evidence shows only minor physical impairments, "an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment." *Wilson*, 2015 WL 1003933, at *21 (citation omitted).

In 2004, Perkins sustained a chemical burn to her right eye that caused her vision to deteriorate. Tr. 214, 218, 233. At step two of the disability analysis, the ALJ found that Perkins's right eye blindness secondary to a chemical burn and glaucoma were severe impairments. Tr. 55. Treatment notes indicate that she has blurred vision, cannot make out features on people, has difficulty reading words, experiences pin pricking and burning sensations, has photophobia, frequent dry eyes, and has decreased depth perception. Tr. 218. The record also reveals that, after the trauma to her right eye, Perkins's vision has gotten "progressively worse" and she can "barely see out of it now." Tr. 219, 233, 238. Perkins also has a "significant cataract" in the right eye that "prevents viewing the fundus." Tr. 219. Her left eye has "good vision and the globe is basically intact," but her optic nerve head "has an appearance consistent with glaucoma." *Id.*

Despite this evidence, the record lacks any medical opinion as to how Perkins's eye condition affects her ability to work. Nonetheless, the ALJ somehow determined that Perkins can work as long as she only occasionally performs tasks requiring far visual acuity (greater than 20 feet), near visual acuity (less than 20 inches), and depth perception, and does not perform tasks requiring right peripheral vision. Tr. 57. It is unclear to the Court how the ALJ, who is not a medical professional, came up with this highly specific RFC determination without a relevant medical opinion. *See Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law judges of the [SSA], must be careful not to succumb to the temptation to play doctor.").

6

When the ALJ does not rely on a medical opinion to formulate the RFC, he must "provide a function-by-function analysis of [the claimant]'s work-related capacity." *Ford v. Colvin*, No. 12-CV-301A, 2013 WL 4718615, at *8 (W.D.N.Y. Sept. 3, 2013). Here, the ALJ acknowledged Perkins's eye condition and summarized some of the evidence discussed above, but he did not provide a function-by-function analysis to explain how the evidence supports the RFC finding. Moreover, the treatment notes the ALJ refers to contain only raw medical data and do not address how Perkins's impairments affect her ability to perform work-related functions. Tr. 58.

When he discussed Perkins's eye condition, the ALJ noted that she sees an optometrist for glaucoma and right eye vision loss. *Id.* (citing Tr. 226-41). The ALJ also recognized that, in March 2014, an examination revealed that Perkins's left eye had a corrected vision of 20/20 with a normal examination, and that she could walk around the room without difficulty even though she noted decreased depth perception. *Id.* (citing Tr. 218-19). Treatment notes from a few months later indicated that Perkins had a normal left eye examination, received drops for dry eyes, and needed right eye cataract surgery once her glaucoma was controlled. *Id.* (citing Tr. 230, 236). The ALJ also noted that Perkins's physician received a Monroe County Department of Human Services form used to evaluate an individual's ability to work. *Id.* As the ALJ pointed out, however, the doctor "did not opine any limitations," "the signature is illegible," and "there is no opinion on [Perkins]'s functional abilities or limitations." *Id.* (citing Tr. 242-45).

The ALJ's discussion of the evidence did not explain how it supports his finding that Perkins's eye condition is accommodated by limiting her to only occasionally performing tasks requiring far visual acuity, near visual acuity, and depth perception, and not performing tasks requiring right peripheral vision. The treatment notes that the ALJ refers to contain complex medical findings and do not suggest only minor impairment, and therefore the ALJ could not

render a common sense judgment about Perkins's functional capacity. *See Dale v. Colvin*, No. 15-CV-496-FPG, 2016 WL 4098431, at *4 (W.D.N.Y. Aug. 2, 2016) ("This evidence, which contains complex medical findings like MRI results, does not permit the ALJ to render a common sense judgment about functional capacity.").

Without reliance on a medical source's opinion or a function-by-function assessment connecting the medical evidence to the RFC, the ALJ's decision leaves the Court with many unanswered questions and does not afford an adequate basis for meaningful judicial review. Accordingly, the Court finds that the ALJ's RFC assessment is not supported by substantial evidence and that remand is required. On remand, the ALJ should develop the record and obtain a medical opinion as to how Perkins's eye condition affects her ability to work.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 11) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 14) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 10, 2018
      Rochester, New York

                                      HON. FRANK P. GERACI, JR.
                                      Chief Judge
                                      United States District Court